## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH
## CIVIL ACTION NO. 5:09CV-P100-R

**CLAUDE R. COX**                                                                                          **PLAINTIFF**

**v.**

**COMMISSIONER LADONNA H. THOMPSON**                                              **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff Claude R. Cox, *pro se*, filed a civil-rights complaint pursuant to 42 U.S.C. § 1983 against Kentucky Department of Corrections ("KDOC") Commissioner LaDonna H. Thompson in her individual capacity. Plaintiff alleges that he fears the officers at the Kentucky State Penitentiary ("KSP") are "out to get me or have some of the inmates do something too me." He contends that his requests to KSP staff for a transfer to 7 Cellhouse or to KSR have not been granted.[1] Plaintiff reports that he wrote letters to Defendant Thompson advising her of the problems that he is having at KSP but that she did not answer the letters herself but had another person answer them.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). Upon review of the complaint under this standard, the Court will dismiss the action.

---

[1]Plaintiff has filed a separate action against some KSP officers raising these same allegations. *See Cox v. Huddleston et al.*, Civil Action No. 5:09CV-P46-R. That action survived initial review and is currently pending.

Plaintiff alleges no direct involvement by Defendant Thompson in the care that he receives at KSP, and Defendant Thompson's position as KDOC Commissioner does not automatically make her liable for the actions of her subordinates. "Respondeat superior[2] is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct." *Id.* (internal quotations omitted). "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999). "A supervisor's awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability." *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003). Thus, the fact that Defendant Thompson as Commissioner was aware of Plaintiff's complaints is not enough to subject her to liability under § 1983 for KSP officers' alleged wrongdoing. *See Walker v. Dep't of Corr.*, No. 00-5843, 2000 WL 1828876, at *2 (6th Dec. 6, 2000) ("[S]upervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." (citation omitted)).

Because Plaintiff's allegations against Defendant Thompson relate only to her role as KDOC Commissioner, the claims against Defendant Thompson must be dismissed.

---

[2]Respondeat superior is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment." BALLENTINE'S LAW DICTIONARY (3d ed. 1969).

The Court will enter a separate Order of dismissal.

Date:

cc:     Plaintiff, *pro se*
4413.005